**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-50738
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN NEPUMUCENCO GUEVARA-VIELMA, also known as Juan Guevara-Vielma

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1474-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Nepumucenco Guevara-Vielma appeals the 70-month sentence imposed following his conviction for illegal reentry after deportation. Guevara-Vielma argues that his within-guidelines sentence is unreasonable because U.S.S.G. § 2L1.2 double counted his prior crime of violence and overstated the seriousness of the offense and the risk of recidivism. Guevara-Vielma also contends that his sentence is greater than necessary to accomplish the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing objectives of 18 U.S.C. § 3553(a). He notes that he is of advanced age and has a history of mental illness.

Because Guevara-Vielma did not object to the reasonableness of his sentence, the Government contends that Guevara-Vielma's challenge to his sentence is subject to plain error review pursuant to *United States v. Peltier*.[1] Guevara-Vielma contends that *Peltier* was wrongly decided and that his sentence should be reviewed for abuse of discretion.[2] We need not determine, however, whether plain error review is appropriate in this case because Guevara-Vielma is not entitled to relief even assuming that he preserved the reasonableness issue for review.[3]

Guevara-Vielma fails to establish that the district court erred by relying on § 2L1.2 to impose his sentence.[4] Guevara-Vielma's sentence is presumptively reasonable.[5] The district court heard Guevara-Vielma's arguments concerning his age and mental illness but elected to impose a sentence within the applicable guidelines range. The court's statements at sentencing reflect a concern over Guevara-Vielma's lengthy criminal history. Guevara-Vielma has not

---

[1] 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008).

[2] This court in *United States v. Ellis*, ___ F.3d ____ 2009 WL 783262 (5th Cir. March 26, 2009) reiterated the importance of plain error review: "Not every error that increases a sentence need be corrected by a call upon plain error doctrine. It bears emphasis that all defendants' appeals challenging a sentence rest on the practical premise that the sentence should be less. The doctrine of plain error serves powerful institutional interests, including securing the role of the United States District Court as the court of first instance, as opposed to a body charged to make recommendations to appellate courts." 2009 WL 783262 at *7.

[3] *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

[4] *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

[5] *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

demonstrated that his sentence was an abuse of discretion by the district court or that his sentence is unreasonable.[6]

The judgment of the district court is AFFIRMED.

---

[6] *See* Gall v. United States, 128 S. Ct. 586, 597 (2007); *Alonzo*, 435 F.3d at 554.